UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. McCARTHY, :
:
        Petitioner : CIVIL NO. 1:CV-15-1399
   vs. :
: (Judge Caldwell)
WARDEN EBBERT, :
:
        Respondent :

*M E M O R A N D U M*

I.   *Introduction*

      John J. McCarthy has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. McCarthy claims that, in light of the holding in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015),[1] declaring the residual clause of the Armed Career Criminal Act (ACCA) unconstitutionally vague, his sentencing enhancements under the ACCA must be vacated. (ECF No. 1).

      The Petition is before the court for preliminary review. *See* Rules 1(b) and 4 of the rules governing cases under 28 U.S.C. § 2254. Because McCarthy cannot meet the threshold required for relief under the savings clause of 28 U.S.C. § 2255(e), he may not proceed under 28 U.S.C. § 2241. His Petition will be dismissed for lack of jurisdiction. McCarthy's motion to proceed *in forma pauperis* will be granted. (ECF No. 4).

---

   [1] We note that in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

II.     *Standard of Review*

A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility and is filed in the federal court of the judicial district where the prisoner is incarcerated. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)). "A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and must be presented to the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").

In exceptional circumstances, the "safety valve" or "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99 (2017); *In re Dorsainvil*, 119 F.3d 245, 249-51 (1997). The United States Court of Appeals for the Third Circuit has held that a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication on his wrongful detention claim." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely

because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.

The Third Circuit has only applied this "safety valve" in the rare situations where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. *Okereke*, 307 F.3d at 120 (3d Cir. 2002) (citing *In re Dorsainvil*, 119 F.3d at 251). A § 2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision'. . . but is otherwise barred from challenging the legality of the conviction under § 2255." *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (quoting *Dorsainvil*, 119 F.3d at 252); *see also Gardner*, 845 F.3d at 103.

III. *Background*

In 1992 McCarthy was indicted in the United States District Court for the District of Connecticut on federal firearm charges. *See McCarthy v. Doe*, 146 F.3d 118, 119 (2d Cir. 1998). On January 28, 1994, after the jury convicted him on two counts of possession of a firearm, McCarthy was sentenced to 235 months' imprisonment followed by five years of supervised release. The Second Circuit affirmed McCarthy's judgment of conviction and sentence on April 11, 1995. *See United States v. McCarthy*, 54 F.3d 51 (2d

-3-

Cir. 1995). And the Supreme Court denied McCarthy's petition for certiorari, *McCarthy v. United States,* 516 U.S. 880, 116 S.Ct. 214, 133 L.Ed.2d 145 (1995).

McCarthy has previously and unsuccessfully challenged his convictions by filing a motion to vacate sentence, 28 U.S.C. § 2255, in the United States District Court for the District of Connecticut. *See McCarthy v. United States*, No. 92-cr-00070 (D. Conn. Feb. 4, 1999). On April 4, 2001, the sentencing court denied McCarthy's motion to vacate. *See McCarthy v. United States*, No. 92-cr-00070 (D. Conn. Apr. 4, 2001).

McCarthy has also sought the approval of the Second Circuit on a number of occasions to file a second or successive § 2255 motion. His most recent attempt is of significance here. *McCarthy v. United States*, No. 15-2543 (2d Cir. Mar. 15, 2016) (slip op.). In addressing the identical claim before us, the Second Circuit stated:

> Even assuming that *Johnson v. United States*, 135 S.Ct. 2551 (2015), announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review, Petitioner has not made a prima facie showing that the new rule would entitle him to any relief.
>
> . . .
>
> The record reflects that, even absent his prior assault conviction, Petitioner's record reflects convictions for at least three prior crimes. These three crimes qualify as "violent felonies" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) and that portion of Section 924(e)(2)(B)(ii) not invalidated by *Johnson*, thus authorizing his enhanced sentence under that statute. Specifically, his robbery conviction still qualifies as a "violent felony" because it has "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and the burglary convictions still qualify since they were found in prior proceedings to be enumerated offenses covered by 18 U.S.C. § 924(e)(2)(B)(ii), a determination unaffected by *Johnson*.

*McCarthy v. United States*, No. 15-2543 (2d Cir. Mar. 15, 2016).

IV. *Discussion*

Here McCarthy does not allege facts bringing his conviction within the *Dorsainvil* exception. He has failed to demonstrate that a successive § 2255 motion would be inadequate or ineffective. The fact that the Second Circuit Court of Appeals failed to grant his request to file a successive § 2255 motion based on the identical claim presented in his Petition does not alter this finding. *Cradle*, 290 F.3d at 538-39 ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petition is unable to meed the stringent gatekeeping requirements" for filing a second or successive § 2255 motion). McCarthy, especially in light of the Second Circuit's decision, cannot demonstrate that his circumstances constitute the sort of miscarriage of justice what would justify application of the safety valve language of § 2255 rather than its gatekeeping requirements. Section 2255 is not "inadequate or ineffective" in this matter.

Further, we find that, although we must dismiss the Petition for lack of jurisdiction, it is not in the interest of justice to transfer McCarthy's Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 as they have already denied McCarthy's request to file a second or successive § 2255 motion based on

-5-

*Johnson.*

       An appropriate order follows.

                                                /s/ William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge

Date: April 24, 2017